IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DENNIS RAY PINSON | § | |
| v. | § | CIVIL ACTION NO. 6:15cv254 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Dennis Pinson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Pinson pleaded guilty to and was convicted of felony driving while intoxicated, enhanced with a prior felony conviction, receiving a sentence of 18 years in prison and a $10,000.00 fine. He filed a direct appeal, which was dismissed as frivolous pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and then sought state habeas corpus relief without success.

**I. The Petitioner's Claims**

In his federal habeas petition, Pinson argues that: (1) the arresting officer violated his right to be free from unconstitutional search and seizure by securing a blood draw without a warrant, in violation of *Missouri v. McNeely*, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013); and (2) he received ineffective assistance of counsel when his attorney, Kurt Noell, failed to suppress the result of the blood draw based on *McNeely*. The decision in *McNeely* was handed down over a month after Pinson's arrest and blood draw.

The state habeas court found as a fact that Pinson testified that he was pleading guilty because he was guilty and for no other reason, no one threatened him or promised him anything in exchange for his plea, and he was pleading guilty of his own free will. The state habeas court also found as a fact that there was ample evidence to support the conviction even without the blood draw and that Noell knew about the *McNeely* decision, but did not move to suppress so as not to alert the prosecutors and police witnesses to the issue. Instead, Noell planned to gain a tactical advantage by surprising them at trial with questions on exigent circumstances in line with *McNeely*.

## II. The Magistrate Judge's Report

The magistrate judge ordered the Respondent to answer the petition and received copies of the state court records. Pinson did not file a response to the answer. After review of the record, the magistrate judge issued a report recommending that Pinson's petition for habeas corpus relief be denied. The Magistrate Judge determined that Pinson's *McNeely* claim was waived by his entry of the guilty plea and that to the extent Pinson complained of an unlawful search and seizure in general, his claim is barred because the Supreme Court has held that where the defendant has a full and fair opportunity to litigate Fourth Amendment claims in state court, he may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 48 L.Ed.2d 1067 (1976). Pinson had the opportunity to litigate his Fourth Amendment claim in state court through the habeas corpus procedure, barring this claim from federal habeas review.

The Magistrate Judge also stated that Pinson did not challenge the validity of the indictment itself in the state habeas proceeding and that Pinson specifically testified his plea of guilty was knowing and voluntary, foreclosing his claim of ineffective assistance of counsel.

**III. The Petitioner's Objections**

In his objections, Pinson argues at great length that under *McNeely*, the warrantless blood draw violated his Fourth Amendment right to be free from unlawful searches and seizures. He contends that the state court records do not include a mandatory probable cause warrant for the blood draw and states that as a result, an evidentiary hearing is necessary.

Although *McNeely* was handed down after his arrest, Pinson points out that he was indicted over a month after that decision. Thus, he claims that the grand jury's reliance on the unlawfully drawn blood specimen "may have been without legal jurisdiction and procedurally barred from continuing with formal charges as unwarranted by law."

Pinson acknowledges that he pleaded guilty, but states he did so only after demanding a jury trial. Because Noell failed to move to suppress the evidence, Pinson's hope "drastically died" and he fell into a "despairing attitude," literally throwing up his hands and entering an open plea of guilty. He contends that he did challenge the validity of his indictment in the state habeas proceeding.

**IV. Analysis**

The Magistrate Judge correctly determined that Pinson's entry of the guilty plea waived his *McNeely* claim. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (guilty plea waives all non-jurisdictional defects except claims of ineffective assistance of counsel relating to the voluntariness of the plea); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). The Magistrate Judge also correctly determined that Pinson's complaint of an unlawful search and seizure is barred by *Stone v. Powell*.

Pinson asserts that he challenged the validity of the indictment in ground two of his state habeas petition, wherein he argued that the blood draw specimen may have been tainted by performance or lack of personal being fundamental for fact, jurisdiction may have never been legally arrived at through due course of law." Pinson's second ground for state habeas relief concerned ineffective assistance of counsel, not the validity of the indictment, and did not serve to exhaust his

state remedies regarding this claim.¹ The Magistrate Judge did not err in determining that this claim is procedurally defaulted.

Pinson goes on to contend in effect that his plea of guilty was involuntary, saying that he wanted a jury trial but finally pleaded guilty in despair when counsel would not move to suppress the evidence of the blood draw. As the Magistrate Judge stated, however, the transcript of the plea proceeding belies this assertion.

During the guilty plea proceeding, Pinson asked Noell to see if the State's offer of a 12-year plea bargain was still on the table, and after conferring, Noell stated on the record that the State said no. Pinson stated that he wanted the court, not a jury, to assess punishment, and then stated that he did not wish to try the case. The prosecutor agreed to allow Pinson to enter an open plea and allow the trial court to set punishment and Pinson stated that was what he wished to do. (Reporter's Record, Vol. IV, pp. 30-33).

Pinson testified that he had no complaints about Noell's representation of him. The trial court advised him that he had a right to trial by jury, that he did not have to get up and say anything, he had the right of access to the subpoena process, and he would be presumed innocent so the State had to prove his guilt beyond a reasonable doubt. Pinson stated that he understood these rights. He also testified that he understood he would be waiving a number of these rights by pleading guilty, including the right to trial by jury and his Fifth Amendment privileges.

---

¹In any event, a defect in a state indictment is not grounds for habeas corpus relief unless the indictment is so defective that the convicting court has no jurisdiction. *Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1989). If the highest criminal appeals court of the state has held, either expressly or implicitly, that the indictment was sufficient under state law, the federal habeas inquiry is at an end; thus, where the Court of Criminal Appeals of the State of Texas refuses to hear a direct appeal and denies a writ of habeas corpus sought on the ground that the indictment is insufficient, that Court has implicitly held that the indictment is sufficient. *Id.; see also Neal v. State of Texas*, 870 F.2d 312, 316 (5th Cir. 1989). To the extent that Pinson may have challenged the validity of the indictment in his state habeas proceeding, the challenge was rejected by the Court of Criminal Appeals, ending the federal habeas inquiry.

The trial court advised Pinson that he was charged with an enhanced felony driving while intoxicated charge, and he pleaded guilty. (Reporter's Record, Vol. IV, pp. 36-38). He also pleaded true to the two prior offenses. Pinson stated that he was pleading guilty because he was guilty and for no other reason, no one threatened him or tried to force him or make him plead guilty, no one promised to give him something or do something for him in exchange for the plea, and the decision to plead guilty was a personal decision which he made for himself and no one made for him. (Reporter's Record, Vol. IV, pp. 46-47).

Pinson acknowledged that he was entering an open plea to an offense carrying a sentencing range of two to 20 years in prison and a fine of up to $10,000.00, and that he had no agreement with the State as to the punishment. The trial court advised him of his appellate rights and told him there was a jury downstairs waiting to hear a case, and it could be his case if he wanted. Pinson agreed that he wanted to go ahead and proceed and stated that he was positive this is what he wanted to do, whereupon the trial court adjudicated him guilty. (Reporter's Record, Vol. IV, pp. 49-51).

Pinson's bald assertion that he pleaded guilty "in despair" is not sufficient to overcome the strong presumption of verity attached to his solemn declarations in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). He has failed to show that his guilty plea was anything other than knowing and voluntary.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 17) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Dennis Pinson is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 9th day of February, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE